IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES W. BILLUPS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03cv297 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MURAT OKAY GEMICI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing nos. 51 and 65, the Motions to Dismiss filed by defendant-Dr. Murat Okay Gemici; (2) filing nos. 77, 78, 79, 80 and 105, the Motions to Compel filed by the plaintiff, Charles W. Billups; (3) filing no. 83, the Motion for Summary Judgment filed by defendants-Wexford Health Sources, Inc. and Kevin Halloran; (4) filing no. 90, the Motion for Summary Judgment filed by defendant-Douglas County, Nebraska, (5) filing no. 104, the plaintiff's Motion for Continuance or Stay; and (6) filing no. 107, the plaintiff's Motion for the court to subpoena expert witnesses. In his Amended Complaint (filing no. 43), the plaintiff, a state prisoner, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 and claims arising under state law regarding events at the Douglas County Correctional Center ("DCCC"), while the plaintiff was incarcerated there. The plaintiff accuses the defendants of providing him with grossly deficient medical care at DCCC, in violation of the Eighth Amendment to the United States Constitution.

Among other bases for dismissal of the Amended Complaint, the defendants assert that the plaintiff failed to complete exhaustion of administrative remedies before filing his complaint and Amended Complaint in the above-entitled case. 42 U.S.C. § 1997e(a) of

the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory"); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory). See also Lyon v. Del Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002):

> The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. § 1997e(a) to require that inmates who have civil rights claims must first exhaust all administrative remedies before bringing an action under § 1983. See Booth v. Churner, 532 U.S. 731, 733-34 ... (2001). This is true even though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available. Id. at 737-41....

A defendant's actual knowledge of prison conditions does not absolve a prisoner plaintiff of the obligation to exhaust administrative remedies before suing a defendant. Exhaustion of grievance procedures promotes the policy of allowing complaints to be addressed by prison administrators before a prisoner initiates a federal lawsuit. Exhaustion may prompt corrective action and thereby remove the need for litigation, may filter out frivolous suits, and may at least create an administrative record, useful in resolving the matter if litigation ensues. Porter v. Nussle, 534 U.S. 516, 524-25 (2002). Thus, a primary purpose of exhaustion is to ensure that the plaintiff's institution has an opportunity to address the plaintiff's claims *before* they reach federal court, even if the institution has

actual knowledge of the challenged prison conditions and even if the institution chooses not to rectify the conditions.

The fact that monetary relief may be unavailable through the grievance process does not alter the rule that administrative remedies must have been fully exhausted before the plaintiff initiates litigation. Booth v. Churner, 532 U.S. 731 (2001). See also Walker v. Maschner, 270 F.3d 573, 577 (8th Cir. 2001): "Booth makes it plain that exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought."

A plaintiff's subjective beliefs concerning the futility of submitting grievances will not avoid the exhaustion requirement of 42 U.S.C. § 1997e(a). Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002); Massey v. Helman, 259 F.3d 641, 644 n.6 (7th Cir. 2001) ("Mr. Massey's allegation in his complaint that there were no administrative remedies available to him because 'any administrative remedies that are claimed to exist are in fact a sham' was insufficient to avoid the exhaustion requirement of § 1997e(a)."). (Citation omitted.) Accord Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001). "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. [The plaintiff] failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Id. at 688 (citation omitted).

Completion of the grievance process is necessary even after a plaintiff has suffered harm and even if the grievance is too late to prevent harm. Thomas v. Woolum, 337 F.3d

3

720, 733-35 (6th Cir. 2003). Thus, exhaustion of administrative remedies is required even when a plaintiff believes, perhaps even with reason, that filing grievances will lead to no relief.

The plaintiff cites Gibson v. Berryhill, 411 U.S. 564 (1973) for the principle, among others, that "state administrative remedies need not be exhausted where the federal court plaintiff states an otherwise good cause of action under 42 U.S.C. § 1983." Id. at 574. However, the PLRA, enacted years after that decision, created specific preconditions to prisoner litigation, including the requirement of exhaustion of administrative remedies before a prisoner files a § 1983 lawsuit about prison conditions.

In filing nos. 85 and 92, the defendants include the DCCC *Inmate Rules and Regulations Handbook*. Chapter XI, §§ 11.1, *et seq.* of the *Handbook* informs inmates at DCCC of the institution's grievance procedures and establishes a two-step exhaustion process. After the initial formal grievance contemplated by section 11.2.A of the Handbook ("Step One grievance"), an investigation ensues, and a written response or decision is supposed to follow within ten working days of receipt of the grievance. Id. § 11.1.E. In the absence of a favorable response, the second, and final, step of the process is an appeal to the Chief Deputy of Corrections[1] ("Step Two grievance"), as set forth in section 11.2.C

---

[1]Taking judicial notice of the court's records in other cases, the court notes that Ann O'Connor served as the Chief Deputy of the Douglas County Department of Corrections, with oversight of DCCC, from March 1999 through April 2003. See, e.g., Case No. 8:02cv533, Allen v. Douglas County Jail, et al., Exhibit 2 to filing no. 21, the Affidavit of Ann O'Connor dated July 21, 2003. Subsequently, Robert Houston became the Director of DCCC. Presently, John Hubbard serves as Interim Director.

Ann O'Connor has previously testified by affidavit that the seven-day deadline for filing grievances referenced in § 11.2.A of the DCCC *Inmate Rules and Regulations Handbook* was *not* strictly enforced, and even a late grievance was investigated. See,

4

of the *Handbook*. Thereafter, if the inmate disagrees with the Chief Deputy's disposition of the appeal, section 11.2.D of the *Handbook* authorizes the inmate to pursue other remedies outside the facility such as litigation.

The plaintiff submitted a Step One grievance on June 16, 2003 to which a response issued on June 18, 2003. There is some question in the record whether the plaintiff received that response. However, even if he did not, after the initial ten-day investigatory period following submission of his Step One grievance, it should have been readily apparent to the plaintiff that he would not be receiving the requested relief. The importance of an appeal, i.e., Step Two grievance, is particularly clear when, as in this case, the plaintiff harbored suspicions regarding proper handling of his Step One grievance. While questions exist about the disposition of the Step One grievances at DCCC, no evidence exists in the records of the court or this case that the grievance *appeals* were thrown out, misplaced or "lost."

In addition, the plaintiff claims that soon after submitting his Step One grievance he transferred from DCCC to a state institution. However, the public records of the Nebraska Department of Corrections ("DCS") on the DCS website indicate that the transfer did not occur until July 25, 2003, over five weeks after the plaintiff submitted his medical grievance. Therefore, he had sufficient time to appeal.

Dismissal is required when an inmate has not exhausted administrative remedies as to all claims before filing a lawsuit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the

---

e.g., Case No. 4:02cv3255, Scott v. Douglas County, et al., Exhibit 2 to filing no. 25, the Affidavit of Ann O'Connor dated October 27, 2003.

5

district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Id. The PLRA does not permit a stay of the litigation pending exhaustion. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

A dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531 U.S. 913 (2000). If the plaintiff is released from custody before the four-year statute of limitations has expired on his claim, he may file a new action in state or federal court after release from prison. The PLRA does not apply to a person who has been released from custody and then files a lawsuit about prison conditions or events which occurred during incarceration. The status of the plaintiff at the time the lawsuit is filed, i.e., whether or not the plaintiff is at that time a prisoner, determines whether the PLRA, and thus the exhaustion requirement, applies to a case.

**Supplemental Jurisdiction**

The plaintiff alleges pendant claims of negligence founded on Nebraska law. A federal district court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law after dismissal of the claim(s) over which the court has original jurisdiction. In addition, 28 U.S.C. § 1367(d) tolls the limitations period for state-law claims during the pendency of a federal lawsuit, if the statute of limitations had not expired on such claims before the plaintiff filed a complaint in federal court. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period

of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v.Richland County, 538 U.S. 456, 464 (2003). Consequently, the dismissal of the plaintiff's federal and state law claims will be without prejudice.

THEREFORE, IT IS ORDERED:

1. That, pursuant to 42 U.S.C. § 1997e(a), the plaintiff's Amended Complaint and this action are dismissed without prejudice, and a separate judgment will be entered accordingly;

2. That filing nos. 83 and 90 are granted to the extent consistent with this Memorandum and Order;

3. That filing nos. 51 and 65 are granted based on the plaintiff's failure to obtain service of process on defendant-Dr. Murat Okay Gemici; and

4. That all other pending motions (filing nos. 77, 78, 79, 80, 104, 105, and 107) are denied as moot.

DATED this 27th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge